## WALTER BROWN *versus* SAMUEL B. DAGGETT.

Where the plaintiff took a note of the then holder and paid the money
for it, on the express promise of the maker to pay the amount thereof to
him in sixty days, it is not competent for the maker, in a suit against him on
the note, to set up a prior failure of consideration as a defence ; although
the plaintiff previously knew the facts in relation thereto.

And it can make no difference, if the money so paid for the note was appro-
priated at the time to the payment of a note on which the plaintiff was
before liable as a surety for the holder.

EXCEPTIONS from the Eastern District Court, CHANDLER J.
presiding.

Assumpsit on a note by the defendant to A. W. Hasey, or
bearer, dated Jan. 1, 1838, and payable in June, 1839.  There

was also a count in the declaration on a special promise by the defendant to pay the amount of the note to the plaintiff.

The plaintiff produced the note, and introduced Nathaniel French, as a witness, who testified, that in the fall of 1839, being about removing from Bangor, his then place of residence, he had conversation with the plaintiff about the note, which was then the property of the witness, having sometime before been transferred to him by Hasey; that he told the plaintiff that the defendant had promised to pay him the note in a few days; that the plaintiff replied, Daggett is good, and if he will promise to pay the note in sixty days, I will take it of you; that the witness afterwards, within a few days, saw the defendant and asked him to pay the note; that the defendant said he could not then, but would in a few days; that the witness then informed him what the plaintiff had told the witness about taking the note, if Daggett would agree to pay it in sixty days, and further said to the defendant, that if he would see the plaintiff and agree to pay him the note in sixty days, it would be as good to the witness as money, for the plaintiff would then give him the money for it; that the defendant replied, that there was no need of his seeing Brown, but that the witness might tell Brown from him, that if Brown would take the note, he would pay it in sixty days, and no mistake; that the witness immediately communicated to the plaintiff what Daggett had said; and that the plaintiff took the note, and paid the full amount for the witness on a note from the witness to Davenport and Hayward, then in the office of W. Abbott, Esq. and on which the plaintiff was a surety for the witness.

The defendant then offered to prove a total failure of consideration for the note, and that at the time the plaintiff took it, he was acquainted with the facts relating thereto. The plaintiff objected to the admission of this testimony, and it was ruled by the presiding Judge to be inadmissible. A verdict was returned for the plaintiff; and the defendant filed exceptions.

Brown *v.* Daggett.

*A. W. Paine,* for the defendant, contended, that the question presented in this case was, whether the special promise, detailed in the bill of exceptions, was valid to support the action, a complete defence having been made out to the note. This promise is invalid, because it was not founded on any sufficient legal consideration.

The only consideration, which can be pretended, was the payment of the money to Mr. Abbott. The delay of payment of an illegal debt affords no consideration for a new promise to pay it. The payment of the money afforded no consideration for the promise, for in that payment he was only fulfilling a legal obligation already imposed upon him.

In order to make the consideration good, the act done must be either an advantage to the promisor, or a loss to the promisee. The former is not pretended. Neither did any loss or disadvantage accrue to the promisee. He merely paid a debt, which he was before obliged to pay. The law does not regard the payment of a legal debt as a good consideration for a new promise. 12 Johns. R. 426; 2 Cowen, 139; 2 Hall, 185; *Smith* v. *Bartholomew,* 1 Metc. 276.

The promise was made upon a consideration past and executed, and is therefore invalid to support the action. 2 Leon. 224; 1 Com. on Con. 16.

The proof of a total failure of consideration was one important fact in the defence; and that the plaintiff knew all the facts pertaining to it, was another. After proving these, the defendant might have proved other important facts not mentioned.

*McCrillis,* for the plaintiff, said that it was a sufficient consideration for the promise of the defendant to pay the note to the plaintiff, that he thereby obtained a delay of sixty days. It was also a damage to the plaintiff, for if he had not taken this note in consideration of the defendant's promise to pay it, he would have been otherwise indemnified for his suretyship. And it by no means follows, that the plaintiff would have been compelled to pay any thing, as surety for French, if he had not taken the note.

But as the plaintiff (before he took the note) applied to the defendant to know whether he would pay it, and was informed that he would, the defendant is now estopped to set up this defence.   2 Stark. Ev. 21.

The opinion of the Court was drawn up by

WHITMAN C. J. — The declaration is upon a note of hand with the usual money counts.   The circumstances under which the plaintiff took the note, as detailed in the bill of exceptions taken to the ruling of the Court below, entitle him to recover the amount for which it was given; although he may have known that it was given for a consideration, which had failed. He himself paid a valuable consideration for it; and was encouraged to do so by the defendant, who expressly promised him to pay him the amount, in sixty days, if he would take the note, and advance the money for it.   The plaintiff, thereupon, paid the holder the amount due on it; and if he could not now recover it of the defendant a reproach would deservedly rest upon the administration of justice.

But it is objected that the money was paid by the plaintiff, by direction of the holder, to discharge a debt for which the plaintiff had become his surety.   This objection is as far removed from good sense and legal authority, as the other is from common honesty.

*Exceptions overruled and judgment on the verdict.*